UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LESTER CHEW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1310 (RCL) |
| | ) | |
| R. IVES, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner, proceeding *pro se*, seeks issuance of a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, but he is challenging the District of Columbia Court of Appeals' ("DCCA") summary denial of his motion to recall the mandate. Respondent moves to dismiss this action as untimely under 28 U.S.C. § 2244(d)(1) and for lack of jurisdiction. Because the gravamen of the petition is a challenge to the DCCA's summary decision, this Court, lacking jurisdiction to review such a claim, will grant respondent's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure and will dismiss this action without prejudice.

**I. BACKGROUND**

Petitioner is currently confined at the United States Penitentiary in Pine Knot, Kentucky. He is serving an aggregate prison sentence of 1 to 51 years imposed by the Superior Court of the District of Columbia on May 2, 2003, for second degree murder while armed and related counts. *See* Resp't's Mot. to Dismiss the Pet. for Writ of Habeas Corpus, Ex. 2 (Judgment); Ex. 3 (*Chew v. United States of America*, No. 03-CF-649, Brief for Appellant filed in the District of Columbia Court of Appeals at 1-2). Following his jury trial and conviction, petitioner filed a timely notice

of appeal, but "[p]rior to proceeding on appellate review the petitioner filed a collateral attack motion pursuant to D.C. Code § 23-110, before the sentencing court." Mem. of P. & A. in Support [of] Pet. for Writ of Habeas Corpus ("Pet.'r's Mem.") at 2. The § 23-110 motion was denied on October 19, 2006, and petitioner noticed his appeal of that decision. *Id*. "Thereafter, the [DCCA] affirmed the petitioner['s] appeal." *Id*. Petitioner then "sought relief by filing [a] motion to Recall the Mandate asserting that his appellate counsel was [sic] ineffective assistance of counsel." *Id*. &. Ex. A. The DCCA summarily denied petitioner's recall motion on February 6, 2008. *Id*. & Ex. B. Petitioner filed this action on July 18, 2011.

## II.  DISCUSSION

The extraordinary writ of *habeas corpus* is available to District of Columbia prisoners if the petitioner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 is reserved, however, for claims arising out of the execution of a sentence not, as presented here, the imposition of a sentence. *See generally Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998). Furthermore, this Court would lack jurisdiction over petitioner's claims brought under § 2241 because "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and petitioner's warden is in Pine Knot, Kentucky. *See Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted).

Nevertheless, a collateral challenge to a Superior Court sentence, such as underlies this action, must be brought in the Superior Court under D.C. Code § 23-110. *See Blair-Bey*, 151 F.3d at 1042 (explaining that § 23-110 is the exclusive remedy for such challenges). And "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). It is settled that unlike other prisoners convicted in state courts or those convicted in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. *Garris*, 794 F.2d at 727; *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir.1999) (citing cases); *Wilson v. Office of the Chairperson*, 892 F.Supp. 277, 280 (D.D.C. 1995).

Petitioner states that he is entitled to the writ because "the appellate remedy of D.C. Code 23-110 failed to give[] the petitioner a factfinding [sic] and conclusion of law pertaining to his claims raised before the appellate court." Pet.'r's Mem. at 3; *see id*. at 5 ("The question before this court is whether [a thorough review and independent analysis of petitioner's pleadings] took place" in the DCCA). However, this Court is not a reviewing court and, therefore, lacks

jurisdiction to review the DCCA's summary denial of petitioner's motion to recall the mandate. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) ("Review of such determinations can be obtained only in [the Supreme Court]") (citing 28 U.S.C. § 1257); *see* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). Hence, this case will be dismissed without prejudice.[1]

                                                                         _____s/_____
                                                               Chief Judge Royce C. Lamberth
                                                               United States District Court

Date: May 7, 2012

---

[1] Because the ineffectiveness of appellate counsel is not a claim available to District of Columbia prisoners under § 23–110, "D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals [may] get a second bite at the apple in federal court[,]" *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009), under the standard for reviewing habeas claims pursuant to 28 U.S.C. § 2254. *Id.* at 1002. Petitioner has stated no facts in the instant petition to support an ineffective assistance of appellate counsel claim; thus, the Court will not recharacterize his § 2241 petition as one for relief under § 2254, of which petitioner must be forewarned and allowed to amend or withdraw the petition. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003). Furthermore, the Court will not render what would amount to an advisory opinion on respondent's nonjurisdictional argument that the instant petition is untimely under 28 U.S.C. § 2244(d)(1). *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.") (citations omitted); *Payne v. Stansberry*, 800 F. Supp, 2d 251, 258 (D.D.C. 2011) (rejecting government's untimeliness claim under "either the statutory date of when the impediment was removed [by the *Williams* decision] or principles of equitable tolling").